IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DR. LAKSHMI ARUNACHALAM,  :
                    Plaintiff,  :
            v.  :    Civil Action No. 14-373-RGA
CITIGROUP INC., CITICORP, and CITIBANK, N.A.,  :
                    Defendants.  :

**MEMORANDUM**

Whereas, the Court issued an order to show cause why the case should not be dismissed with prejudice on November 6, 2019 (D.I. 67);

Whereas, the parties filed various responses by the twice-continued deadline of January 8, 2020[1] (D.I. 71, 80, 81, 82, 83, 84, 86);[2]

Whereas, a number of the claims of the two asserted patents (U.S. patent nos. 5,987,500 and 8,108,492) asserted in the complaint (see D.I. 1) were invalidated in *Pi-Net v. J.P. Morgan*, No. 12-282-SLR (D.Del), which judgment has since become final;

Whereas, additional claims of the two asserted patents were invalidated in various inter partes review and covered business method proceedings, which have also become final, *see Arunachalam v. Presidio Bank,* 801 F. App'x 750, 752 (Fed. Cir. 2020);

---

[1] (See D.I. 70, 77).
[2] The Inventor Rights Act of 2019, cited by Plaintiff, has not been passed, and therefore is not law.

Whereas, the District Court for the Northern District of California found in two decisions hat Plaintiff was collaterally estopped from asserting the claims of the two patents that no tribunal had invalidated, a judgment that has since been affirmed by the Federal Circuit,[3] *see id.* at 754;[4]

---

[3] The Federal Circuit reviewed the California decisions pursuant to the following legal principles:

> When reviewing the application of collateral estoppel, we are "generally guided by regional circuit precedent, but we apply our own precedent to those aspects of such a determination that involve substantive issues of patent law." *Ohio Willow Wood Co. v. Alps South, LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013). In the Ninth Circuit, "[c]ollateral estoppel applies to a question, issue, or fact when four conditions are met: (1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits." *Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012). "Where a patent has been declared invalid in a proceeding in which the 'patentee has had a full and fair chance to litigate the validity of h[er] patent,' ... the patentee is collaterally estopped from relitigating the validity of the patent." *Miss. Chem. Corp. v. Swift Agric. Chems. Corp.*, 717 F.2d 1374, 1376 (Fed. Cir. 1983) (quoting *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 333 ... (1971)). Further, "[o]ur precedent does not limit collateral estoppel to patent claims that are identical. Rather, it is the identity of the *issues* that were litigated that determines whether collateral estoppel should apply." *Ohio Willow Wood*, 735 F.3d at 1342 (emphasis in original).

*Id.* at 752. The Third Circuit's collateral estoppel standard is not substantively different from that of the Ninth Circuit. Under Third Circuit law, in order for collateral estoppel to apply, a party must demonstrate that "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action." *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006) (citations omitted). The Third Circuit also considers whether the party being precluded "had a full and fair opportunity to litigate the issue in question in the prior action" and "whether the issue was determined by a final and valid judgment." *Id.* (citations omitted).

[4] Thus, Plaintiff is doubly collaterally estopped. She is not only collaterally estopped from asserting the claims not already invalidated, but she is also collaterally estopped from asserting that she is not collaterally estopped.

Whereas, all claims of an additional patent (U.S. patent no. 7,340,506) sought to be asserted in an amended complaint (*see* D.I. 48) were invalidated in PTAB litigation, Case CBM2016-00081, which judgment has since become final;[5]

Now, therefore, since all claims of the three patents that Plaintiff either asserts or has attempted to assert are claims that have either been finally declared invalid or are claims which she is collaterally estopped from asserting;

A separate order will be entered this 18 day of June 2020 dismissing this case with prejudice.

/s/ Richard G. Andrews
United States District Judge

---

[5] The decision in *Arthrex, Inc. v. Smith & Nephew, Inc.*, 941 F.3d 1320 (Fed. Cir. 2019), has no effect on this case, because it is too late to raise an *Arthrex* challenge. *See Customedia Techs, LLC v. Dish Network Corp.*, 941 F.3d 1173 (Fed. Cir. 2019) (per curiam) (*Arthrex* challenge not raised in opening appellate brief is forfeited).