IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DR. LASKSHMI ARUNACHALAM, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 14-373-RGA |
| | : | |
| CITIGROUP INC., et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

Plaintiff filed a motion to reconsider (D.I. 103) an order I entered on June 18, 2020 (D.I. 99) dismissing all counts of the complaint with prejudice.  The motion to reconsider was filed on July 16, 2020, that is, twenty-eight days after I entered my order.  To the extent it is a motion for reconsideration, it is out of time.  D.Del. LR 7.1.5 (fourteen-day requirement).  But the motion also cites Rule 59(e) and Rule 60(b) in support.  It is timely under those rules.  Defendants submitted a letter in response.  (D.I. 106).

The order in question held that Plaintiff could not assert patent claims previously declared invalid, that Plaintiff was collaterally estopped from asserting the remaining claims on the basis of a ruling of another district court, which was affirmed by the Court of Appeals, and that she was collaterally estopped from arguing that she was not collaterally estopped.  (D.I. 97; D.I. 98).

The day after Plaintiff filed the motion to reconsider, she filed a notice of appeal.  (D.I. 104).  The Court of Appeals subsequently dismissed the appeal as lacking "any arguable basis in law or fact."  (D.I. 115 at 3).

Plaintiff cites in support Third Circuit caselaw that states that Rule 59(e) is used to relitigate issues that have been decided, when there has been (1) an intervening change in the law, (2) new evidence, or (3) a clear error of law.  Plaintiff does not seriously argue the first two.[1]  But it could be said, interpreting her motion generously in light of her *pro se* status, that she was arguing a clear error of law.  But, as her brief makes clear, her argument is that other tribunals erred in invalidating her patent claims and holding that she was collaterally estopped.  That is not the sort of allegation of clear error of law that I can entertain on a Rule 59(e) motion.  Even if I could, the Court of Appeals' dismissal of the appeal as frivolous makes clear that there is no basis for the argument that there was a clear error of law.

Plaintiff offers no argument in regard to Rule 60(b), and it is apparent that there is no basis to grant such relief.

Plaintiff's motion to reconsider (D.I. 103) is **DENIED**.

IT IS SO ORDERED this 4th day of December 2020.

                                                                           /s/ Richard G. Andrews_____
                                                                           United States District Judge

---

[1] She states there has been an intervening change in the law, citing among others, Supreme Court cases from more than 200 years ago, as well as other cases that predate my decision.  (D.I. 103 at 6).